Stanley v City of New York (2025 NY Slip Op 03264)

Stanley v City of New York

2025 NY Slip Op 03264

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 151098/20|Appeal No. 4474-4475 M-1742|Case No. 2023-00067, 2023-05610|

[*1]Nakemia Stanley, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants, Office of the Chief Medical Examiner Deputy Director of Forensic Investigations Aden Naka, et al., Defendants. Compassion & Choices, Amicus Curiae.

Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellants.
Cohen & Green P.L.L.C., Ridgewood (J. Remy Green of counsel), for respondent.
Compassion & Choices, Washington DC (Chelsey Jordan of the Bar of the State of California, admitted pro hac vice, of counsel), and Wilmer Cutler Pickering Hale and Dorr LLP, New York (Amitai Heller of the Bar of the State of Oregon and Kelsey Quigley of the Bar of the State of California, admitted pro hac vice, of counsel), for amicus curiae.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered November 9, 2022, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on liability on her cause of action for sepulcher, and order, same court and Justice, entered October 2, 2023, which, insofar as appealed from as limited by the briefs, upon reargument, adhered to its prior determination to grant plaintiff's motion for partial summary judgment as against defendants City of New York and Office of the Chief Medical Examiner (OCME), unanimously affirmed, without costs.
A loss of sepulcher claim requires a showing that (1) the plaintiff is decedent's next of kin; (2) the plaintiff had the right to possession of the remains; (3) the defendant interfered with the plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) the plaintiff was aware of the interference; and (6) the interference caused the plaintiff mental anguish, which is generally presumed (see Melfi v Mount Sinai Hosp, 64 AD3d 26, 39 [1st Dept 2009]). Here, defendants only contest the first and second elements of the claim.
Public Health Law § 4201(2)(a) provides, in relevant part, that the person designated in a written instrument executed pursuant to the provisions of that section has the highest priority with respect to the right to control the disposition of the remains of a decedent, followed by decedent's surviving spouse, surviving domestic partner, any of decedent's surviving children 18 years or older, and either of decedent's surviving parents. Here, decedent executed a Department of Health form DOH-5211 designating plaintiff as the agent to control disposition of his remains. Plaintiff and decedent also executed a Certificate of Domestic Partnership that was filed at the City Clerk's Office on June 26, 2018. Thus, plaintiff satisfied all of the requisite elements of a loss of sepulcher cause of action and the court properly granted her summary judgment on liability as against City and OCME.
We have considered the parties' remaining arguments and find them unavailing.
M-1742 — Stanley v City of New York, et al.
Motion to file an amicus curiae brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025